IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SIRAJ WAHHAJ,

    Plaintiff,

v.                                                           No. 23-cv-0680-KWR-LF

CIBOLA COUNTY
CORRECTIONAL CENTER, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Siraj Wahhaj's failure to amend his prisoner civil rights complaint as directed. Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. The original Complaint (Doc. 3) primarily focuses on the alleged lack of access to legal materials. Plaintiff elected to proceed *pro se* in his federal criminal trial; he believes the lack of legal materials caused the jury to convict him of conspiring to provide material support to terrorists (18 U.S.C. § 2339A) and conspiring to murder a federal officer (18 U.S.C. § 1117). The original Complaint (Doc. 3) also alleges the Cibola County Correctional Center (CCCC) mishandled the grievance process. Plaintiff describes over 25 grievances he filed while in pretrial custody. The grievances touch on all aspects of detention including educational courses, medical care, email/fax policies, hygiene supplies, food service, restraints, and CCCC's tier management policy.

The original Complaint (Doc. 3) consists of 230 pages. It is difficult to discern the exact nature of the legal claims based on the extensive list of grievances. Construed liberally, and at a minimum, the Complaint appears to raise First Amendment claims for denial of access to courts and violation of religious freedoms; Eighth Amendment claims for deliberate indifference to health/safety; and Due Process claims regarding the failure to follow grievance procedures and the

imposition of tier restrictions. The Complaint also raises New Mexico tort claims for negligent hiring and supervision of CCCC officials. Plaintiff names Defendants CCCC; Core Civic/CCA; and Warden Mark Foreman.

By a ruling entered January 28, 2025, the Court screened the original Complaint (Doc. 3) and determined it fails to comply with Fed. R. Civ. P. 8(a). *See* Doc. 13 (Screening Ruling); *see also* 28 U.S.C. § 1915(e) (requiring *sua sponte* screening of all *in forma pauperis* complaints). The original Complaint functions as a classic "kitchen-sink" or "shotgun" filing, which canvasses every aspect of Plaintiff's detention and re-asserts every grievance he filed at CCCC. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Because the grievances raise facts that do not appear to relate to Plaintiff's list of legal causes of action, it is difficult to discern which claims he intends to pursue. Moreover, the original Complaint purports to incorporate over 160 pages of exhibits to support the factual allegations. *See* Doc. 3 at 54 (stating Plaintiff "outlined dates and who did what … with the attachments"). The Screening Ruling explained that it "is not the role of … the court … to sort through … voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted).

Alternatively, to the extent certain legal theories are clear, the Screening Ruling concluded the original Complaint fails to state a cognizable claim under 28 U.S.C. § 1915(e) and 42 U.S.C. § 1983. *See* Doc. 13 at 5-10 (setting forth the relevant pleading standards for First Amendment claims; Eighth Amendment claims; and Due Process claims). The Screening Ruling therefore dismissed the original Complaint (Doc. 3) for failure to comply with Rule 8(a) and alternatively, for failure to state a cognizable federal claim under the applicable § 1983 pleading standards. The

Court deferred ruling on whether to exercise supplemental jurisdiction over Plaintiff's state claims until after reviewing the amended complaint. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010) (federal courts should generally decline to exercise supplemental jurisdiction over a state-law claim if no viable federal claims remain).

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* invited Plaintiff to amend within thirty (30) days of entry of the Screening Ruling. Plaintiff was advised that the amended complaint must not exceed 40 pages; must comply with Rule 8(a); and must include all state and federal claims Plaintiff intends to pursue in this case. The Screening Ruling warns that if Plaintiff fails to timely amend, the Court may dismiss all federal claims; decline to exercise supplemental jurisdiction; and dismiss any state law claims without prejudice. *See* Doc. 13 at 11.

The deadline to file an amended complaint expired on February 27, 2025. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Screening Ruling. Ordinarily, courts dismiss federal claims with prejudice where the prior complaint does not state a cognizable claim, and the plaintiff fails to amend as directed. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave [plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). Because the original Complaint (Doc. 3) spans 230 pages and is difficult to construe, the exact nature of the claims is still unclear. For this reason, the Court will dismiss all federal claims raised in the original Complaint without prejudice for failure to comply with Rule 8(a) and - as a separate, alternative basis for dismissal - for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6). *See Fontana v. Pearson*, 772 Fed.

3

App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 756 (7th Cir. 1988) (construing 28 U.S.C. § 1915(e) to permit screening dismissals with or without prejudice, even where the complaint fails to state a claim).  The Court declines to exercise supplemental jurisdiction over any state claims raised in the original Complaint and will dismiss those claims without prejudice.

**IT IS ORDERED** that all federal claims raised in Plaintiff Siraj Wahhaj's Amended Prisoner Civil Rights Complaint (**Doc. 3**) are **DISMISSED without prejudice** for failure to comply with Rule 8(a) and alternatively, for failure to state a cognizable claim under 28 U.S.C. § 1915(e) and Rule 12(b)(6).

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over any state law claims raised in Plaintiff Siraj Wahhaj's Amended Prisoner Civil Rights Complaint (**Doc. 3**); such state law claims are **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED.**

                                                                          /S/
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE